{¶ 22} I respectfully dissent from the opinion of the majority. The assertion by appellant that they were not given notice of the proceeding is supported in the record. It appears as if there was insufficient notice pursuant to the zoning code as delineated by the North Perry Village Codified Ordinance, Section 1104.08 entitled "Appeals," which provides in relevant part:
 {¶ 23} "(b) The Board of Zoning Appeals shall fix a reasonable time for the hearing of the appeal, giving ten (10) days notice to the parties in interest, and decide the same within thirty (30) days after it is submitted. At such hearing, any party may appear in person or by attorney. Any person affected by a decision of the Board of *Page 8 
Zoning Appeals may appeal to the Court of Common Pleas of Lake County on the ground that such decision was unreasonable or unlawful. (Ord. 94-419. Passed 2-3-94.)
 {¶ 24} "(c) The `parties of interest' who shall be notified of the hearing on appeal to the Board of Zoning Appeals shall include: (i) the applicant for the zoning permit; (ii) the person grieved who appealed to the Board if different that the applicant for the zoning permit; (iii) the owners of the property within and contiguous to and directly across the street from such parcel or parcels which are subject of the appeal, to the addresses of such owners appearing on the County Auditor's current tax list and (iv) such other individual or individuals as the Board of Zoning Appeals shall determine.
 {¶ 25} "(d) The notice to the parties of interest herein required shall be satisfied by one publication in a newspaper of general circulation in the Village at least ten days prior to the hearing, and by personally delivering or sending by regular U.S. mail a notice to the parties of interest living within the area set forth in Section 1104.08(c) within ten days before the date of the Public Hearing. The notice shall give the name of the applicant for a zoning permit, the name of the owner of the premises involved, the address and road on which the premises is located, and the time and place of hearing on the appeal. (Ord. 99-015. Passed 8-5-99.)"
 {¶ 26} In the case at bar, there is no confirmation of publication in the record nor is there any returned certified mail notifying those citizens entitled to notice under Section 1104.08(c) of the Codified Ordinance. The BZA must serve proper notice to those who are affected as they prescribed. This clearly was not done as there is no evidence that certified mail was received by those required, nor is there evidence of *Page 9 
publication in the record. The BZA proceeding is void if there is improper notice. If there was improper notice or no notice given, it is not surprising that appellant did not receive notice as is required in a newspaper of general circulation. In the event there was proper notice consistent with the Perry Township notice provisions, appellant could have availed himself of his right to raise his objections in front of the BZA, thus, not being precluded from opposing the ruling of the BZA.
 {¶ 27} R.C. 2506.01 fails to identify who has standing to appeal administrative decisions. However, "[a] resident, elector and property owner of a township, who appears before the township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court, has the right of appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code." Roper, supra, at syllabus. Mr. Hofer has standing to appeal because he is a resident elector and a property owner. He did not, however, appear at the hearing. The township is estopped from precluding Mr. Hofer's objections as they did not comply with the notice provisions set out in their own code. It offends the sensibilities that the township can grant variances without notice to its citizens and then assert that they did not attend the hearing so they cannot appeal the decision. This practice offends the basic tenets of due process and open government.
 {¶ 28} The majority does not address the issue of service or notice which are required to determine appellant's ability to attend the hearing and oppose the zoning *Page 10 
changes considering his interest outside the record. He had a right to be present in his case at the BZA hearing. Whether or not he would have been successful in his attempt to stop the variance is an issue that would have been dependent on the evidence he submitted. He was denied his right to appear, to present testimony, and argue his case because the notice requirements were not followed.
 {¶ 29} I would reverse the trial court's judgment and remand this matter to the BZA for a hearing that complies with the due process notice requirements as provided for in their own code. *Page 1